UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY T. SPIVERY,

      Petitioner,

v.                           Case No. 17-cv-1256-pp

CATHY A. JESS,[1]

      Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 10) AND REQUIRING RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND**

On September 15, 2017, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his January 8, 2015 conviction in Milwaukee County Circuit Court for attempted second-degree sexual assault of a child. Dkt. No. 1. The petition alleged that the circuit court lacked subject matter jurisdiction because the criminal complaint failed to allege the offense of conviction, that his trial counsel was ineffective because he failed to challenge the complaint and that his plea was not knowingly, intelligently and voluntarily given. Id. at 4-5. He filed a motion

---

[1] The petitioner now is incarcerated at Oshkosh Correctional Institution. See https://appsdoc.wi.gov /lop/home.do (last visited July 19, 2020). The warden of that institution is Cathy A. Jess. See Oshkosh Correctional Institution, WISCONSIN DEP'T OF CORRECTIONS, available at https://doc.wi.gov/Pages/ OffenderInformation/AdultInstitutions/OshkoshCorrectionalInstitution.aspx (last visited July 19, 2020). Under Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the court has updated the case caption to reflect the appropriate respondent.

for leave to proceed without prepaying the filing fee. Dkt. No. 4. Approximately ten months later, the petitioner filed an amended petition, alleging the same three grounds for relief and providing further factual detail on his claims. Dkt. No. 10. This order grants the motion for leave to proceed without prepaying the filing fee and screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases.

**I.    Background**

   A.    Underlying State Proceedings

On January 8, 201, the petitioner pled guilty to attempted second degree sexual assault of a child, for which he was sentenced to ten years' confinement followed by seven and a half years' extended supervision. Dkt. No. 1 at 2; see also State of Wisconsin v. Henry T. Spivery, Case Number 2014CF003425 (Milw. Cty.), available at https://wcca.wicourts.gov/. The petitioner filed a direct appeal on April 11, 2016, arguing that the criminal complaint did not allege the offense for which he was charged. Dkt. No. 1 at 3. An electronic copy of the Wisconsin Court of Appeals' decision reveals that although the petitioner's counsel filed a no-merit report on his behalf, the petitioner responded to the no-merit report and argued that his counsel had provided ineffective assistance of counsel and that he did not knowingly, voluntarily, and intelligently enter his guilty plea. See State v. Spivery, No. 2015AP2565-CRNM, 2016 WL 8650373 (Wis. Ct. App. Nov. 18, 2016). The Wisconsin Court of Appeals affirmed the conviction on November 18, 2016. Dkt. No. 1 at 3.

2

In December 2016, the petitioner filed a petition for review with the Wisconsin Supreme Court asking for review on the three grounds he'd alleged in the appeal and in response to the no-merit report. Id. The Supreme Court of Wisconsin denied the petition for review on February 17, 2017. Id.

B. Federal *Habeas* Proceedings

The petitioner filed this petition on September 15, 2017 and alleged three grounds for relief: (1) the Milwaukee County Circuit Court lacked subject matter jurisdiction over the criminal complaint; (2) ineffective assistance of counsel; and (3) the petitioner did not knowingly, intelligently, and voluntarily enter into his guilty plea. Dkt. No. 1 at 4-5. In July of 2018, the petitioner filed an amended petition and brief in support of the amended petition. Dkt. Nos. 10, 11.

The court will consider the petitioner's amended petition for screening purposes. One provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2242, provides that a petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading as a matter of course (without court permission) within twenty-one days of service of the original complaint. A party may amend outside of that twenty-one day period "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may deny leave to file an amended pleading in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

3

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962))).

Although the court expects unrepresented litigants to comply with the procedural rules, the court will construe the petitioner's amended petition as a motion to amend and will grant it. The amended petition raises the same three grounds that the petitioner raised in the original petition (in a different order) and further develops the petitioner's arguments for relief. Dkt. No. 10. The court cannot find that the petitioner unduly delayed the filing of the amended petition or did so in bad faith or with dilatory motives.

## II.     Motion to Proceed with Prepayment of the Filing Fee

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner filed a motion asking the court to allow him to proceed without prepaying that fee. Dkt. No. 4. In support, the petitioner filed an affidavit of indigency, stating that he is not employed, receives no money and has no assets. Id. On September 27, 2017, the petitioner filed his prison trust account statement, which listed a starting monthly balance of $13.06 and an ending monthly balance of $19.20. The court finds that the petitioner lacks the ability to pay the filing fee.

4

### III. Rule 4 Screening

    A.    <u>Standard</u>

Rule 4 of the Rules Governing §2254 Proceedings provides that

> [i]f it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the petitioner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). Finally, even if a petitioner has exhausted a

5

claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B. Analysis

Ground one of the petitioner's original and amended petitions argued that the circuit court lacked subject-matter jurisdiction over him because the criminal complaint failed to allege an offense of second-degree sexual assault. Dkt. No. 10 at 3. The petitioner says that while he kissed the victim on her arm and on her neck, neither of these actions constituted the "sexual contact" required to be convicted of the crime of attempted second-degree sexual assault. Id. at 5. The petitioner says the Wisconsin Court of Appeals did not address subject matter jurisdiction on his direct appeal, framing his argument as an argument that the criminal complaint failed to allege an offense of attempted second-degree sexual assault as a matter of law and finding that counsel should have raised this earlier in the case. Id. The Wisconsin Court of Appeals found that the petitioner waived this argument by not objecting prior to his waiver of a preliminary hearing. See Spivery, 2016 WL 8650373, *6. The court also determined that the complaint established probable cause that the petitioner attempted to commit second-degree sexual assault of a child. Id.

The court will not allow the petitioner to proceed on ground one of his petition because he cannot bring the argument that the Wisconsin court lacked

6

subject-matter jurisdiction in a §2254 petition. In Krysheski v. Kingston, No. 06-C-0015, 2006 WL 2009082, *2, (E.D. Wis. 2006), Judge Lynn Adelman reviewed a similar claim and found that Wisconsin law governed whether a criminal complaint was "jurisdictionally defective and void" for failing to allege an offense known at law. Id. (citing Champlain v. State, 53 Wis.2d 751, 754 (Wis. 1972)). Judge Adelman dismissed that petitioner's claim at the Rule 4 screening stage because it "raise[d] issues of state law involving interpretations of state statutes. . . . [s]uch a claim is not cognizable in a federal habeas case." Id. (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); see also Jenkins v. Smith, No. 18 C 6696, 2018 WL 10613269, at *1 (N.D. Ill Oct. 22, 2018) ("A claim that a state court lacked jurisdiction to adjudicate a criminal proceeding raises a question of state law that cannot be raised in a habeas corpus proceeding.") The same is true here. Because the court would need to interpret Wisconsin law to determine whether the circuit court acted without jurisdiction, this federal court cannot decide the issue in a *habeas* petition. Estelle, 502 U.S. at 67-68 (federal *habeas* review is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States).

The petitioner may proceed on his second and third arguments. According to the petitioner, his trial counsel never reviewed the elements of the offense with him at the time of the plea hearing and the plea questionnaire did not identify the elements of the offense. Dkt. No. 10 at 6. This claim implicates the petitioner's Sixth Amendment right to counsel, which is a cognizable claim on federal *habeas* review. See Warren v. Baenen, 712 F.3d 1090, 1102 (7th Cir.

7

2013). The petitioner's third ground for relief says that he did not understand or was not aware of all the elements of the charged offense, specifically the "purpose" element. Dkt. No. 1 at 5-6. According to the petitioner, while he did not intend to have sexual contact with the victim, neither the trial court nor his trial counsel informed him that intent was an element of the charged offense. Id. Further, the petitioner argues that the court accepted his guilty plea "[without] conforming to the mandatory procedures" and that the record "clearly shows that [the petitioner] was confused [and] did not feel as though he [was] guilty." Id. at 6. As a result, the petitioner argues that he did not knowingly, intelligently, and voluntarily enter his guilty plea. These allegations implicate the petitioner's due process rights under the Fifth Amendment and are cognizable on federal *habeas* review. Warren, 712 F.3d at 1102.

It appears that the petitioner has filed this petition within the one-year limitations period. It also appears that the petitioner has exhausted his state remedies on his second and third claims. Nothing in this order, however, prevents the respondent from later asking the court to dismiss the petition as untimely or arguing that the petitioner procedurally defaulted his claim(s). The respondent has not yet had an opportunity to respond to the petition, and the court will now require him to do so. Because the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on grounds two and three, it will allow the petition to proceed.

### III. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepayment of the $5.00 filing fee. Dkt. No. 4.

The court **ORDERS** that the petitioner may proceed on grounds two and three of his amended *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

9

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 20th day of July, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**